FILED
CLERK, U.S. DISTRICT COURT

20 MAR 02 PM 3: 22

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Kristen B. Jocums (#6850)
David P. Larson (#8066)
SNOW NUFFER
341 South Main Street, Suite 303
Salt Lake City, Utah 84111
Telephone No. (801) 538-0400
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY SMITH,<br><br>Plaintiff<br><br>vs.<br><br>SALT LAKE COMMUNITY COLLEGE (a Utah Governmental entity), JIM BUNT (as an individual and in his official capacity), DAVID CAMPBELL, (as an individual and in his official capacity), JOHN DOES 1-5, (each in her or his individual and official capacity).<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Civil No. **2:02 C V - 0 2 2 9 B**<br><br>Judge |

The Plaintiff, Kimberly Smith, based upon information and belief, alleges and states as follows:

## JURISDICTION

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e), et. seq.. and Utah State Law.

2. The Plaintiff, Kimberly Smith (hereinafter "plaintiff" or "Smith"), has complied with the notice and undertaking requirement of the Utah Governmental Immunity Act, Utah Code Ann. s 63-30-1 et. seq..

3. The Plaintiff resides in Salt Lake County, State of Utah.

4. The Defendant, Salt Lake Community College (hereinafter "SLCC") is located is Salt Lake County, State of Utah.

5. The Defendant, Jim Bunt, is an individual employed by SLCC in a supervisory role in their Department of Public Safety (hereinafter "the Department").

6. The Defendant, Dave Campbell, is an individual employed by SLCC as the Chief of the Department.

7. The Defendants, John Does 1-5, are individuals employed by SLCC.

8. The individual defendants named herein acted, at all times described herein as individuals and in their official capacities as employees of SLCC.

9. Each of the named Defendants resides within Salt Lake County, State of Utah.

10. The acts complained of herein occurred within Salt Lake County, State of Utah.

11. This Court has jurisdiction over the subject matter and parties in this action.

2

12. Venue is proper in this Court.

## STATEMENT OF FACTS

13. Plaintiff incorporates herein by reference paragraphs 1 through 12 above.

14. Plaintiff was employed by the Department in March of 1999 as office personnel.

15. In May of 1999, Plaintiff completed training through the Police Academy to become certified as a Peace Officer. In August of 1999 she applied for a position as a full time Peace Officer with the Department.

16. Plaintiff was hired as a part time police officer in or about August of 1999 by the Department.

17. During the initial period of Plaintiff's aforementioned part time employment, her performance evaluations were consistently average to above average.

18. During August and September of 1999, Plaintiff completed the Department's Full time Officer Training Program (hereinafter "FTO").

19. Plaintiff was placed on the work schedule regularly, and was under consideration for hiring for a full time, permanent position with the SLCC Department.

3

20. In or about January of 2000, Plaintiff reported to her supervisors at the Department that she was pregnant.

21. Subsequent to Plaintiff's reporting her pregnancy, the Department immediately discontinued scheduling Plaintiff on the part time officer's work schedule, and despite Plaintiff's repeated requests to be allowed to continue working as a police officer, the Department refused her that opportunity.

22. During her pregnancy, Plaintiff also made formal application in or about March of 2000 to work in the dispatch and/or office area of SLCC Department of Public Safety.

23. The Plaintiff's application was denied despite her experience in that area of the Department.

24. Plaintiff was informed in or about June of 2000 that she must turn in her keys and all of her equipment to the Department, and her supervisors indicated that they assumed she would no longer wish to work for the Department.

25. The Department also attempted to drop Plaintiff from the payroll system in June of 2000.

26. In June of 2000, David Campbell even stated to Plaintiff that she "needed to go home and be a mommy."

4

27. In or about June of 2000, Plaintiff reported Mr. Campbell's above mentioned statement, and others he had made, to Salt Lake Community College's Human Resources Department.

28. After this report the Department decided not to remove Plaintiff from the payroll system. However, no action was taken against Campbell by SLCC.

29. Plaintiff returned to work in approximately August of 2000, after delivering her baby.

30. SLCC did not return Plaintiff's equipment to her. Plaintiff was unable to perform all aspects of her job duties because of this.

31. Ms. Smith made several requests to have her equipment returned to her, but each request was ignored by SLCC.

32. In addition to this, SLCC required Plaintiff to undergo the FTO program for a second time, despite the fact that she had completed this training and had functioned as an FTO-trained officer on campus prior to the announcement of her pregnancy.

33. In or about July of 2000 Plaintiff applied for a full time position as a Peace officer with the Department.

34. In or about August of 2000, David Campbell informed Plaintiff that he would not hire her for a full time position, despite Plaintiff's recent application and return to part time work.

5

35. In or about October of 2000, Plaintiff received a negative performance evaluation from Officer McGraw, an individual who was not properly trained to perform such an evaluation.

36. Following the October 2000 negative evaluation, Plaintiff was no longer scheduled for part time work by the SLCC Police Department.

37. On or about January 11, 2001, Plaintiff received a notice of termination from David Campbell, terminating her from employment on the police force at SLCC.

38. In or about May of 2001, Plaintiff discovered that SLCC had made an inaccurate and negative report on her Police Officers Standards and Training ("POST") record.

39. This record is managed by the State of Utah and is utilized by all law enforcement agencies in the State to verify training levels, skills and employability factors of applicants for law enforcement positions.

40. Following SLCC's negative and inaccurate report to POST regarding her, the Plaintiff has encountered great difficulty in obtaining employment with other law enforcement agencies.

6

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Disparate Treatment - Gender)

41. Plaintiff incorporates herein by reference paragraphs 1 through 40 above.

42. Plaintiff is a member of a protected class, i.e., females.

43. Defendants treated Plaintiff less favorably and differently from her male counterparts and other male employees and applicants in the terms and conditions of her employment and application process.

44. Plaintiff was equally qualified to the male applicants for the full time officer position for which she applied.

45. Plaintiff was equally qualified for her position as a part time officer and performed her duties at a level equal to her male counterparts.

46. Plaintiff has been adversely affected by the defendants' actions.

47. Plaintiff has suffered damages because of these adverse actions.

48. Defendants have no legitimate reason for such adverse action against Plaintiff, or, their excuses constitute pretext for unlawful discrimination.

49. Defendant SLCC is therefore liable to plaintiff for discrimination under Title VII of the Civil Rights Act.

7

## SECOND CAUSE OF ACTION
### (Disparate Treatment - Pregnancy)

50. Plaintiff incorporates herein by reference paragraphs 1 through 49 above.

51. Plaintiff was, at the time of many of the acts described herein, a member of a protected class, i.e., a pregnant female.

52. Defendants treated Plaintiff less favorably and differently from her non-pregnant counterparts and other employees and applicants in the conditions of her employment and in the application process.

53. Plaintiff was as equally qualified as the non-pregnant applicants for the dispatch and/or office position(s) for which she applied.

54. Plaintiff was equally qualified for her position as a part time officer and performed her duties at a level equal to her non-pregnant counterparts and was adversely affected by the defendants' actions.

55. Plaintiff has suffered damages because of this treatment.

56. Defendants have no legitimate reason for such adverse action against Plaintiff, or, their excuses constitute pretext for unlawful discrimination.

57. Defendant SLCC is liable to plaintiff for discrimination under Title VII of the Civil Rights Act.

8

### THIRD CAUSE OF ACTION
### (Negligent Supervision)

58. Plaintiff incorporates herein by reference paragraphs 1 through 57 above.

59. The SLCC Department of Public Safety has been previously sued by another female officer for discriminatory acts.

60. SLCC continued to employ many of the employees implicated in the previous action despite the strong warning it received about those employees' propensity to discriminate against minorities.

61. Despite the fact that SLCC was on notice regarding the questionable acts of the employees in the Public Safety Department, they continued to employ these same individuals with little or no supervision.

62. Plaintiff reported the discriminatory actions of the named defendant employees in this action to SLCC Human Resources Personnel.

63. Defendant employer had received notice and therefore knew or should have known that defendant employees posed a foreseeable risk of discrimination to female employees.

64. Despite Plaintiff's report and despite the history of the Department, SLCC failed to adequately monitor, supervise and curb the discriminatory actions of the named defendants herein.

9

74. David Campbell did indeed inflict discriminatory harm against the Plaintiff.

75. Plaintiff suffered damages due to the infliction of this discrimination.

76. SLCC's failure to investigate Campbell and/or its failure to recognize his unsuitability for the position as Chief constitutes negligent hiring.

77. SLCC's negligence in hiring proximately caused harm to Plaintiff.

78. SLCC is liable for the harm it caused Plaintiff.

## FIFTH CAUSE OF ACTION
### (Negligent Retention)

79. Plaintiff incorporates herein by reference paragraphs 1 through 78 above.

80. SLCC, after employing Campbell, Bunt and John Does 1-5, became aware in or about September 1997, and again in 1998, and June of 2000, that the individuals posed threat of discrimination against female employees.

81. SLCC Department of Public Safety continued to employ Campbell, Bunt, and John Does 1-5 in same manner after discovering their propensity for discrimination and therefore knew or should have known that they posed a foreseeable risk of discrimination against female employees.

11

65. The Defendant employees did indeed inflict discriminatory harm against the Plaintiff.

66. Plaintiff suffered damages due to these discriminatory acts.

67. Due to its negligent supervision of the defendants in the Department, SLCC is the proximate cause of Plaintiff's damages.

68. As such, SLCC is liable to Plaintiff for damages.

## FOURTH CAUSE OF ACTION
### (Negligent Hiring)

69. Plaintiff incorporates herein by reference paragraphs 1 through 68 above.

70. David Campbell (hereinafter "Campbell") was hired as Chief of the SLCC Public Safety Department in approximately 1998.

71. Prior to his employment at SLCC, Campbell had been reprimanded at and/or forced to leave his previous job due to inappropriate actions.

72. These inappropriate actions made Campbell unsuitable as a candidate for the sensitive position as Chief at the SLCC Public Safety Department.

73. SLCC either knew or should have known about Campbell's unsuitability and that he posed a foreseeable risk of discrimination against female employees before it hired him.

10

82. Defendant employees did indeed inflict discriminatory harm against the Plaintiff.

83. The Plaintiff suffered damages due to the infliction of discrimination.

84. Defendant SLCC negligently retained defendant employees in the Department, and proximately caused the harm Plaintiff suffered.

85. As such, SLCC is liable to Plaintiff for damages.

## SIXTH CAUSE OF ACTION
### (Defamation)

86. Plaintiff incorporates herein by reference paragraphs 1 through 85 above.

87. Defendants Campbell and/or Jim Bunt and John Does 1-5 reported negative and inaccurate performance information regarding Plaintiff to POST.

88. Said report constitutes a publication.

89. The statements were false.

90. Such negative and inaccurate information also constitutes either libel or slander *per se*, depending on the manner in which it was published to POST.

91. The statements do not fall within any legal privilege and are not protected.

92. SLCC failed to accurately verify or determine the veracity of the statements and therefore exhibited the requisite fault.

12

93. Plaintiff has suffered a pecuniary loss due to this publication.

94. SLCC, Campbell, Bunt and John Does 1-5 are liable for the Plaintiff's losses and damages.

## DEMAND FOR JURY

95. Plaintiff hereby respectfully requests that she be allowed to try this matter before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant her:

1. Actual damages;

2. Compensatory damages;

3. Punitive damages;

4. Such other and further relief as this Court deems just and appropriate.

Dated this ___20___ day of ___March___, 2002.

SNOW NUFFER

Kristen B Jocums
Attorney for Plaintiff

13

## VERIFICATION

STATE OF ___UT___     )
                                    :ss.
County of ___SL___    )


Kimberly Smith, being first duly sworn, deposes and says: That the

foregoing Complaint and Jury demand is true to the best of her knowledge

except as to those matters which are therein stated upon information and belief

and as to those matters that she believes the same to be true.


*Kimberly Smith*
**Kimberly Smith**
**Plaintiff**

SUBSCRIBED AND SWORN to before me this __20th__ day of __March__

2002.


Notary Public
Residing at:
My Commission Expires:

14